## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MYRA SEGUI,

        Plaintiff,

v.                                   Case No:  2:15-cv-399-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

## ORDER

Plaintiff Myra Segui seeks judicial review of the denial of her claim for Social Security disability insurance benefits ("DIB") by the Commissioner of the Social Security Administration ("Commissioner").   The Court has reviewed the record, the briefs and the applicable law.   For the reasons discussed herein, the decision of the Commissioner is **REVERSED** and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

### I.   Issues on Appeal[1]

Plaintiff raises three issues on appeal: (1) whether the Administrative Law Judge ("ALJ") applied the proper legal standard at step two concerning the severity of Plaintiff's neck and back impairments and properly considered these impairments

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), *cited in Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013).

in the residual functional capacity ("RFC"); (2) whether the ALJ properly weighed the opinions of Plaintiff's treating rheumatologist; and (3) whether the ALJ was required to obtain testimony of a vocational expert ("VE").

## II.    Procedural History and Summary of the ALJ's Decision

On January 31, 2011, Plaintiff filed her application for DIB, alleging she became disabled on November 1, 2010.   Tr. 144-47.   Plaintiff alleged disability due to fibromyalgia.   Tr. 171.   The claim was denied initially and upon reconsideration. Tr. 83-87, 90-91.   Plaintiff requested and received a hearing before ALJ Larry J. Butler on November 19, 2012, during which she was represented by an attorney.   Tr. 48-72.   The ALJ issued an unfavorable decision on January 6, 2014.   Tr. 13-20. The Appeals Council denied Plaintiff's request for review.   Tr. 1-7.   Accordingly, the ALJ's decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on June 30, 2015.   Doc. 1.   Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review.   Docs. 10, 11.

In his decision, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016.   Tr. 15.   At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since November 1, 2010, the alleged onset date.   *Id.*   At step two, the ALJ found that Plaintiff has one severe impairment: fibromyalgia.   *Id.*   At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

CFR Part 404, Subpart P, Appendix 1 . . . ."  Tr. 17.  After stating he carefully considered the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of light work, as defined in 20 C.F.R. § 404.1567(b).[2]  Tr. 17-19. Thus, the ALJ found that Plaintiff is able to perform her past relevant work as a pharmacist.  Tr. 19-20.  Accordingly, the ALJ found that Plaintiff was not disabled from November 1, 2010 through the date of the decision.  Tr. 20.

## III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.  *See* 20 C.F.R. § 404.1520; 416.920.  The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of

---

[2] The regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The Eleventh Circuit has noted that the Commissioner's burden at step five is temporary, because "[i]f the Commissioner presents evidence that other work exists in significant numbers in the national economy, 'to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists.'" *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015)(citing *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001)).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206,

1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit recently has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's factfindings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971)).

IV.   Discussion

      A.   *Whether the ALJ applied the proper legal standard at step two concerning the severity of Plaintiff's neck and back impairments and properly considered these impairments in the RFC*

Plaintiff argues that the ALJ erred when he found Plaintiff's neck and back impairments are non-severe.   Doc. 13 at 13-15.   Plaintiff contends that this error was not harmless because even if the ALJ found these impairments to be non-severe, he still had a duty to consider their limitations in making his RFC assessment, which he failed to do so here.   *Id.* at 14.   The Court finds that the ALJ's finding at step two concerning Plaintiff's neck and back impairments is contradicted by the evidence, and the ALJ erred when he failed to assess these impairments singly or in combination at step four.

At the second step in the sequential evaluation process, the ALJ determines whether the claimant has a severe impairment.   20 C.F.R. § 404.1520(a)(4)(ii).   If the ALJ determines a claimant has a severe impairment, as here, the analysis moves to step three.   *See* 20 C.F.R. § 404.1520(a)(4).   Plaintiff bears the burden of establishing that her impairments are severe and prevent the performance of her past relevant work.   *Bowen*, 482 U.S. at 146 n.5.   A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to do basic work activities.   20 C.F.R. § 404.1520(c).   "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work,

irrespective of age, education, or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

This circuit holds that the ALJ's finding "of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). This is because after proceeding beyond step two of the process, the ALJ must consider all of the claimant's impairments taken as a whole when determining whether her impairments qualify as a disability (step three) and whether she can return to her past work (step four) or, if not, whether she can perform other work available in the national economy (step five). *Id., see* 20 C.F.R. § 404.15.

Here, as noted above, the ALJ determined at step two that Plaintiff suffered from one severe impairment, fibromyalgia. Tr. 15. The ALJ then noted,

> [Plaintiff] has the medically determinable impairment of degenerative disc disease, of both the lumbar and cervical spine. However, [Plaintiff] was diagnosed after a car accident in 2007, and has not made any mention or complaint of back or neck problems since the objective findings in 2007 and 2008. As a result, these impairments clearly have *no effect* on [Plaintiff's] functioning, and therefore are not severe.

Tr. 16 (emphasis added). Contrary to the ALJ's finding, however, is the medical evidence of record. To the extent that the ALJ's decision was based on this erroneous finding of fact, it is not supported by substantial evidence.

As Plaintiff points out, the record contains several documentations of Plaintiff's neck and back impairments, including their resulting limitations. Doc. 13 at 13. For example, during Plaintiff's initial consultation with her treating

rheumatologist, Dr. David Baldinger, M.D., in November 2009, Plaintiff complained of migraines and a history of long-standing fibromyalgia with chronic neck pain.   Tr. 493.   Dr. Baldinger's medical impression was chronic neck pain.   Tr. 494.   On March 8, 2010, Plaintiff visited Dr. Baldinger complaining of increased neck, shoulder, and back pain.   Tr. 491, 612-13.   The physical examination revealed paraspinal muscle tenderness and spasm.   Tr. 491.   On March 10, 2010, during a visit at the Back Pain Institute of SW Florida, Plaintiff's chief complaint was severe neck pain.   Tr. 362.   Dr. J. Robert Wootton D.C. diagnosed Plaintiff with cervical intervertebral disc degeneration, cervical subluxation, and cervicalgia.   *Id.*   Dr. Wootton recommended that prolonged sitting greater than one hour and lifting greater than ten pounds be avoided.[3]   *Id.*

During a March 16, 2010 visit, Dr. Baldinger's physical examination revealed continued paracervical and paraspinal muscular spasm, myofascial tenderness, and ongoing restricted range of motion of the cervical and lumbar spine.   Tr. 607. The medical impression was "chronic musculoskeletal pain consistent with ongoing fibromyalgia, manifestations, and associated with cervical and lumbar spine."   *Id.* Dr. Baldinger noted, "due to fibromyalgia, insomnia, *and spine condition*, patient will be limited at this time through 2010 two activities, such as sitting, driving, or reading in a fixed position for no more than 45 minutes to one hour."   Tr. 608.   (emphasis

---

[3] Dr. Wootton also noted that Plaintiff's objective findings were improving, and she had responded adequately to recent treatment (Tr. 363-72); however, the Court is not making a determination as to Plaintiff's credibility or weighing the evidence, as it is the function of the Commissioner, and not the court, to do so.   *Lacina*, 606 F. App'x at 525.

added).   Later that month, Dr. Baldinger again noted a limitation in range of motion in Plaintiff's cervical and lumbar spine.   Tr. 490, 610-11, 605.

The record contains several other instances where Plaintiff complained of neck and back pain.   *See, e.g.,* Tr. 376-77, 397.   On October 28 2010, Plaintiff's treating neurologist noted cervical and lumbar rheumatism and myopasm.   Tr. 418. Plaintiff continued to have a restricted range of motion in the cervical and lumbar spine in April 2011.   Tr. 615.   Accordingly, the foregoing evidence clearly is contradictory to the ALJ's finding of fact that Plaintiff has not mentioned or complained of back or neck problems since 2008.   Tr. 15.   The Court cannot conclude that the ALJ's following statement, "[a]s a result, these impairments clearly have no effect on [Plaintiff's] functioning, and therefore are not severe," is supported by substantial evidence, for it was based on an inaccurate accounting of the medical evidence.   *Id.*

The ALJ's erroneous finding of fact is particularly harmful because the ALJ failed to discuss Plaintiff's back or neck impairments in the RFC determination.   Tr. 15-19.   When the ALJ finds that an impairment does not meet or equal a listed impairment at step three, the ALJ then will proceed to step four to assess and make a finding regarding the claimant's RFC based upon *all* the relevant medical and other evidence in the record.   Tr. 18-19; 20 C.F.R. §§ 404.1520(e), 416.920(e).   For these purposes, relevant evidence in the record includes any medical history, daily activities, lay evidence and medical source statements.   20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c).   The claimant's age, education and work

experience, and whether she can return to her past relevant work also are considered in determining her RFC.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)).  The RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite her impairments.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).  Relevant here, the ALJ also "must consider all allegations of physical and mental limitations or restrictions," not just those determined to be severe.  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p; *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986).  The ALJ is required to consider the combined effects of a claimant's alleged impairments and make specific, well-articulated findings as to the effect of the impairments and whether they result in disability.  *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

Here, the ALJ's lack of discussion regarding Plaintiff's neck and back impairments in the RFC analysis and his failure to include any well-articulated findings as to how Plaintiff's neck and back impairments may impact her RFC renders the Court unable to determine whether the impairments were considered singly and in combination.  *Gibson*, 779 F.2d at 623.  Remand therefore is warranted as to this issue.  *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219 (11th Cir. 2001) (holding that remand is required when an ALJ fails to properly consider a claimant's condition despite evidence in the record of the diagnosis.).

On remand, the ALJ should address and explain the limiting effects, if any, of Plaintiff's neck and back impairments.  The ALJ should consider these impairments

singularly and in combination to determine disability.   *See Gibson*, 779 F. 2d at 623.

If the ALJ determines on remand that Plaintiff's neck and back impairments do not

affect her RFC, the ALJ should include the relevant evidence supporting that

conclusion, as required by the regulations.   *See* 20 C.F.R. §§ 404.1545(a)(2),

416.945(a)(2).   Because he failed to do so here, the Court finds that the ALJ's

determination of Plaintiff's RFC is not supported by substantial evidence.

> B.   *Whether the ALJ properly weighed the opinions of Plaintiff's treating rheumatologist*

Plaintiff argues that the ALJ failed to properly weigh the opinions of Plaintiff's

treating rheumatologist, Dr. Baldinger, regarding Plaintiff's functional limitations

caused by her fibromyalgia.   Doc. 13 at 7-12.   The Commissioner responds that the

ALJ complied with SSR 12-2p in requiring sufficient objective evidence to support a

finding that Plaintiff's fibromyalgia so limits her functional abilities that it precludes

her from performing any substantial gainful activity.   Doc. 14 at 5-6.   Further, the

Commissioner contends that the objective findings and Plaintiff's daily activities did

not support the limitations opined.   *Id.* at 6-7.

Under the regulations, the ALJ must weigh any medical opinion based on the

treating relationship with the claimant, the length of the treatment relationship, the

evidence the medical source presents to support her opinion, how consistent the

opinion is with the record as a whole, the specialty of the medical source and other

factors.   *See* 20 C.F.R. § 404.1527(c)(2)-(6).   Opinions of treating sources usually are

given more weight because treating physicians are the most likely to be able to offer

detailed opinions of the claimant's impairments as they progressed over time and

"may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2).   If the opinion of a treating physician as to the nature and severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight.   *Id.*

By contrast, if the ALJ does not accord controlling weight to a treating physician's opinion, he must clearly articulate the reasons for doing so.   *Winschel,* 631 F.3d at 1179.   Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as she demonstrates good cause to reject the opinion.   *Lawton v. Comm'r of Soc. Sec.,* 431 F. App'x 830, 833 (11th Cir. 2011).   "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'"   *Castle v. Colvin,* 557 F. App'x 849, 854 (11th Cir. 2014) (quoting *Phillips,* 357 F.3d at 1240).

Dr. Baldinger treated Plaintiff since November 2009.   Tr. 625.   On July 18 2011, Dr. Baldinger completed a fibromyalgia RFC, opining that Plaintiff met the American Rheumatological criteria for fibromyalgia.   Tr. 637.   He noted that Plaintiff had fibromyalgia symptoms: multiple tender points, nonrestorative sleep, chronic fatigue, morning stiffness, subjective swelling, incoordination, numbness and tingling, anxiety, frequent severe headaches, female urethral syndrome, chronic

fatigue syndrome, joint pain, cognitive impairment, multiple trigger points, and myofascial pain syndrome.   Tr. 637-38.   Dr. Baldinger identified Plaintiff's pain as located in the lumbosacral spine, cervical spine, thoracic spine, and bilateral shoulders, arms, hands/fingers, hips, legs, knees, ankles, and feet.   Tr. 638.   He added that Plaintiff's pain constantly interfered with her ability to concentrate and that Plaintiff was severely limited in her ability to deal with work stress.   *Id.*   Dr. Baldinger limited Plaintiff's ability to sit/stand/walk to less than two hours continuously and opined that she could not work an eight-hour day.   Tr. 639.   He also stated that Plaintiff should never carry even less than ten pounds and that on average Plaintiff would be absent from work more than three times per month.   Tr. 639-40.

The following year, on May 10, 2012, Dr. Baldinger wrote a letter stating that Plaintiff "has been treated with physical therapy, was ordered an electro stimulation unit and a cervical traction unit with no improvement of symptoms of relief of pain." Tr. 625.   Further, he wrote that Plaintiff only was able to tolerate a pain medication combined with antidepressant; however, this provided her only a minimal amount of relief.   *Id.*   It was his opinion that "[Plaintiff's] physical and mental ability at this point will no longer enable her to perform her duties as a pharmacist without further deteriorating her health and risking her patients' welfare."   *Id.*

On July 12, 2012, Dr. Baldinger completed another fibromyalgia RFC.   Tr. 642-46.   He noted that Plaintiff had fibromyalgia symptoms of multiple tender points, nonrestorative sleep, chronic fatigue, morning stiffness, subjective swelling,

numbness and tingling, frequent severe headaches, chronic fatigue syndrome, cognitive impairment, and multiple trigger points.   Tr. 642.   Dr. Baldinger identified Plaintiff's pain as located in the lumbosacral spine, cervical spine, thoracic spine, and bilateral shoulders, arms, hands/fingers, hips, legs, knees, ankles, and feet.   Tr. 643.   He again added that Plaintiff's pain constantly interfered with her ability to concentrate and that Plaintiff was severely limited with ability to deal with work stress.   *Id.*   Dr. Baldinger limited Plaintiff's ability to sit/stand/walk to less than two hours continuously and opined that she could not work an eight-hour day. Tr. 644.   He also stated that Plaintiff should never carry even less than ten pounds and that Plaintiff would be absent from work more than three times per month.   Tr. 645.

The ALJ assigned little weight to Dr. Baldinger's opinion and explained his reasoning as follows:

> [Dr. Baldinger's] assessment is effectively that [Plaintiff] cannot do anything at all. He also notes fibromyalgia symptoms that do not respond to fibromyalgia medication. This assessment is not given any weight. The claimant sees him quarterly, and the treatment notes do not offer any objective physical finding. Dr. Baldinger even notes that the claimant's swelling is subjective. Her pain and her fatigue are subjective with no neurological deficits noted. There is no objective test for cognitive impairment in the record and there are no complaints of severe migraine headaches in the record.
>
> [Plaintiff] has been diagnosed with fibromyalgia. However, the undersigned notes that the fibromyalgia criteria of SSR 12-02 are not fully met.   For example, while [Plaintiff] complains of generalized pain, Dr. Baldinger notes that [Plaintiff] has 9 trigger points, where 11/18 trigger point criteria have to be met for the diagnosis.   Furthermore, there is no objective medical report regarding this assessment in the record. The claimant does report six or more of the symptoms associated with fibromyalgia, but other impairments were not excluded (SSR 12-

02p). The claimant's symptomatology is also not fully credible, as noted above.

. . .

[Plaintiff] has been diagnosed and treated for fibromyalgia.    However, the claimant did not respond to fibromyalgia medication and she does not meet the 11/18 trigger point requirement. . . .

Tr. 18, 19.

First, despite Plaintiff's contention that it is error to cite a lack of objective evidence as a reason in assigning less weight or credibility in fibromyalgia cases (Doc. 13 at 9), SSR 12-2p explains that some objective evidence is *required* to find that the claimant's fibromyalgia prevents her from performing the functional requirements of work.    SSR 12-2p, 2012 WL 3104869.    The ruling states, "[a]s with any claim for disability benefits, before we find that a person with [a medically determinable impairment of fibromyalgia] is disabled, we must ensure there is sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity."    *Id.*    The ruling also acknowledges that, "[f]or a person with [fibromyalgia], we will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'"    *Id.*    Plaintiff correctly points out, however, that the ALJ seemed to misconstrue the record in noting that Plaintiff has only 9 trigger points when Dr. Baldinger's treatment notes state that Plaintiff "continues to demonstrate symmetrical 9 *paired* muscle tender points."    Doc. 13 at 9; Tr. 628 (emphasis added). Plaintiff also points to Dr. Baldinger's treatment notes recommending testing to rule

out other conditions.   Doc. 13 at 10; Tr. 495-515.   Moreover, the ALJ's finding that there are no complaints of severe headaches or migraines in the record also is contradicted by the record.   *See* Tr. 493.   Because of these inaccuracies and for the reasons stated in the previous section, this matter must be remanded to the Commissioner.   Upon remand, the Commissioner should reweigh the opinion testimony after an adequate review of the record and assign the weight in compliance with the legal authority outlined in this opinion.[4]

> C.   *Whether the ALJ was required to obtain testimony of a vocational expert*

An ALJ is not required to consult a VE in determining whether a claimant can perform her past relevant work.   *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990); *Schnoor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) ("[B]ecause the ALJ concluded that she is capable of performing her past relevant work, testimony from a vocational expert was not necessary."); *Hernandez v. Comm'r of Soc. Sec.*, 433 F. App'x 821, 823 (11th Cir. 2011) ("Generally, vocational expert testimony is not necessary to determine whether a claimant can perform his past relevant work.").   As noted, the ALJ found that Plaintiff could perform her past relevant work as a pharmacist. Tr. 19-20.   Because the Court finds, however, that the ALJ's decision is not supported by substantial evidence, based on the Commissioner's

---

[4] The Commissioner argues that Plaintiff's daily activities supports the ALJ's decision.   Doc. 14 at 6.   Because the RFC assessment, however, must be based upon all relevant evidence and the Court cannot determine whether the ALJ considered all relevant evidence, the Court finds this argument unpersuasive. *Phillips*, 357 F.3d at 1238; *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

finding upon remand, the Commissioner should re-consider whether the consultation of a VE is necessary. *See Lucas*, 918 F.2d at 1573 n.2 ("If on remand the ALJ determines that Ms. Lucas is not able to perform her past relevant work as a teacher's aide or hotel maid, use of a vocational expert may be necessary.").

## V.   CONCLUSION

Upon review of the record, the undersigned concludes that the ALJ failed to apply the proper legal standards and the ALJ's decision is not supported by substantial evidence.   Plaintiff requests that the Court remand the case to an ALJ other than ALJ Larry Butler, as ALJ Butler is subject to ongoing disciplinary proceedings by the Commissioner, some of which allegations concern cases in which Plaintiff's counsel was involved.   Docs. 13 at 16-18; 17.   In order to avoid any appearance or risk of actual bias or prejudgment, the case should be reheard by a different ALJ.   *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g); for the Commissioner to:

> A.   Evaluate the record evidence and reassess whether Plaintiff's back and neck impairments are severe.

> B.   Address and explain the limiting effects, if any, of Plaintiff's neck and back impairments.   The Commissioner should consider these impairments singularly and in combination to determine disability.   If the Commissioner determines on remand that Plaintiff's neck and back impairments do not affect her residual

functional capacity, the Commissioner should include the relevant evidence supporting that conclusion.

C.    Evaluate the record evidence and reassess whether the opinions of Plaintiff's treating rheumatologist, Dr. David Baldinger, M.D., are entitled to controlling weight. If the Commissioner concludes that the opinions are not entitled to controlling weight, the Commissioner should sufficiently explain the weight afforded to the opinions and the reasons for doing so.

2.    The Commissioner shall re-assign the case for rehearing to an Administrative Law Judge other than Administrative Law Judge Larry Butler.

3.    The Clerk of Court is directed to enter judgment in favor of Plaintiff Myra Segui, and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record